IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN ROBINSON, | ) | CASE NO. 1:17 CV 1453 |
| Plaintiff, | ) ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

# Introduction

Before me[1] is an action by Marilyn Marie Robinson under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the

---

[1] ECF # 17. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 6.

[6] ECF # 11.

parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]

For the reasons set forth below, the decision of the Commissioner will be affirmed as supported by substantial evidence.

**Facts**

**A.     Background facts and decision of the Administrative Law Judge ("ALJ")**

Robinson, who was 53 years old at the time of the administrative hearing,[10] has a high school education.[11] Her past relevant employment history includes work as an assembler and inspector for manufacturing and logistics businesses.[12]

The ALJ, whose decision became the final decision of the Commissioner, found that Robinson had the following severe impairments: degenerative disc disease of the spine and carpal tunnel syndrome.[13]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Robinson's residual functional capacity ("RFC"):

---

[7] ECF # 20 (Commissioner's brief); ECF # 15 (Robinson's brief).

[8] ECF # 20, Attachment 1 (Commissioner's charts); ECF # 15, Attachment 1 (Robinson's charts).

[9] ECF # 14 (Robinson's fact sheet).

[10] *Id.* at 1.

[11] *Id.*

[12] *Id.*

[13] ECF # 10, Transcript ("Tr.") at 148.

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: she can frequently climb ramps and stairs. She can never climb ladders, ropes[,] or scaffolds. She can frequently stoop, kneel[,] and crouch. She can occasionally crawl.[14]

Based on that residual functional capacity, the ALJ found Robinson capable of her past relevant work as a general inspector and electronics assembler and, therefore, not under a disability.[15]

**B.    Issues on judicial review**

Robinson asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Robinson presents the following issues for judicial review:

- Whether the ALJ erred in omitting limitations resulting from Ms. Robinson's severe impairments in the residual functional capacity finding.

- Whether remand is warranted for consideration of new and material evidence.[16]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

---

[14] *Id.* at 149.

[15] *Id.* at 152-53.

[16] ECF # 15 at 1.

## Analysis

**A. Standards of review**

*1. Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[17]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[18] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[19]

---

[17] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[18] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[19] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *Sentence six remand*

Sentence six of 42 U.S.C. § 405(g) permits a court to order a case remanded for consideration of additional evidence under certain circumstances. The Sixth Circuit has interpreted this statute as creating the following requirements for a remand to consider new evidence: that the evidence be "new"– that is, "not in existence or available to the claimant at the time of the administrative proceeding"; that the evidence be "material," which requires showing a "reasonable probability" that the Commissioner would have reached a different disposition of the claim if presented with the new evidence; and that "good cause" exists for not producing the evidence in a prior proceeding, which requires showing "a reasonable justification for the failure to acquire and present the evidence of inclusion in the hearing before the ALJ."[20]

The Sixth Circuit "has taken a harder line on the good cause test."[21] "This requires more than just showing evidence did not exist at the time of the ALJ's decision, but rather a Plaintiff must 'give a valid reason for his failure to obtain evidence prior to the hearing.'"[22]

---

[20] *Foster*, 279 F.3d at 357 (citations and internal quotations omitted).

[21] *Oliver v. Sec'y of Heath & Human Servs.*, 804 F.2 964, 966 (6th Cir. 1986) (finding failure to satisfy good cause requirement where additional medical records were prepared after final decision and could not have been presented at hearing).

[22] *Issac v. Comm'r of Soc. Sec.*, No. 1:16 CV 1345, 2017 WL 3705902, at *10 (N.D. Ohio Aug. 28, 2017) (citing and quoting *Oliver*, 804 F.2d at 966)).

**B.     Application of standards**

This case presents two issues for decision:

- The ALJ found Robinson's carpal tunnel syndrome ("CTS") a severe impairment at Step Two. She did not include any limitations for CTS in the RFC. Does substantial evidence support the exclusion of limitations for CTS from the RFC?

- Robinson submitted post-decision evidence regarding the severity of her degenerative disc disease to the Appeals Council, which declined review. The evidence submitted did not exist as of the date of decision by the ALJ and therefore arguably is new. But is it material to Robinson's impairments and limitations before the date of decision or is it merely evidence of aggravation?

The Court will address each of these issues in turn.

*1.     CTS*

Robinson's treating neurologist, Darshan Mahajan, M.D., diagnosed CTS before the date of decision.[23] Robinson reported to Dr. Mahajan that ibuprofen helped with her CTS symptoms.[24] This is the last 2014 treatment note in Robinson's chart for Dr. Mahajan referencing CTS.[25] The treatment notes for 2015 specifically mentioning CTS state that Robinson's symptoms were unchanged and "not bothering her too much."[26]

---

[23] Tr. at 340.

[24] *Id.* at 455.

[25] ECF # 15, Attachment 1 at 3.

[26] Tr. at 459-66.

The ALJ referenced the CTS diagnosis in her RFC articulation[27] and that ibuprofen helped Robinson's CTS symptoms.[28] Otherwise, there is no more specific justification for excluding limitations on the use of the upper extremities from the RFC.

Robinson argues that the ALJ failed to account for CTS in her hypothetical to the VE.[29] While technically true, it is misleading. Robinson's counsel at the hearing posed a hypothetical to the VE that included a limitation on a person being unable to do repetitive activity with her hands.[30] The VE testified that the repetitive use of hands limitation would not rule out Robinson's past work of electronics assembler.[31] Fundamental Social Security precedent states that the ALJ need not include limitations in the hypotheticals posed to the VE that are inconsistent with the limitations the ALJ finds credible.[32] Nor is the ALJ required to adopt limitations contained in hypotheticals posed by counsel and incorporate them in the RFC.[33] The ALJ's RFC was consistent with the medical record in this case.

---

[27] *Id.* at 150-51.

[28] *Id.* at 151.

[29] ECF # 15 at 11-12.

[30] Tr. at 186.

[31] *Id.*

[32] *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.") (citing *Hardaway v. Sec'y of Health and Human Servs.*, 823 F.2d 922, 927-28 (6thCir. 1987)).

[33] *Sherman v. Astrue*, No. 3:11-CV-1722, 2012 WL 2953073, at *16 (N.D. Ohio May 4, 2012) (citing *Casey*, 987 F.2d at 1235), *report and recommendation adopted by Sherman*

Furthermore, any error here would be harmless as the VE testified that Robinson would still be capable of her past work as an electronics assembler with the repetitive use of hands limitation suggested by counsel.[34]

Robinson also seemingly relies on *Jones v. Commissioner of Social Security* to argue that a Step Two severe impairment finding requires the ALJ to articulate reasons for not including in the RFC limitations addressed to those impairments.[35] But the ALJ in *Jones* erred by failing to mention specifically the claimant's abdominal impairment at *Step Two* and find the abdominal impairment severe, *in addition* to failing to adequately consider and explain the limitations arising from the claimant's abdominal impairment in the RFC.[36] That is not the case here.

The record contains limited evidence regarding the limitations of Robinson's CTS. The ALJ acknowledged the CTS diagnosis and Robinson's report to her neurologist that ibuprofen helped manage her CTS symptoms. Robinson bears the burden of proof at Step Four and needed to do more to support a finding of specific limitations for her CTS.

---

*v. Comm'r of Soc. Sec.*, 2012 WL 2953072 (N.D. Ohio July 19, 2012).

[34] Tr. at 186.

[35] ECF # 15 at 11.

[36] *Jones*, 142 F. Supp. 3d at 628-30.

## *2. Post-decision evidence*

After the decision, Robinson was involved in a front impact car collision.[37] The post-decision evidence Robinson relies upon are dated at the earliest five months after the ALJ's decision[38] – and all of the post-decision evidence also post-dates the accident.[39] Post-decision imaging shows degenerative changes in the lumbar and cervical spine.[40] There is no physician's opinion relating these changes back to the relevant time frame (May 7, 2014 to April 22, 2016).

Particularly suspect are the notes of a pain management physician who recommended a right CTS injection on September 27, 2016[41] – five months after the date of decision. Given the scant evidence of limitations from Robinson's CTS pre-decision, and the timing of this evidence after an automobile accident two months before, there is a strong argument here for aggravation. Therefore, while the evidence appears to be new since it was generated after the date of decision, it does not appear to be material.

Furthermore, even assuming the evidence met the new and material prongs, Robinson failed to show good cause for not submitting the evidence to the ALJ. In fact, Robinson does

---

[37] Tr. at 113.

[38] ECF # 15, Attachment 1 at 6, 9.

[39] *Id.*

[40] *Id.* at 9; ECF # 20, Attachment 1 at 9.

[41] Tr. at 90-91.

not mention good cause at all outside of articulating the standard for remand under sentence six of § 405(g).[42]  Therefore, remand under sentence six is inappropriate.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Robinson had no disability.  Accordingly, the decision of the Commissioner denying Robinson disability insurance benefits is affirmed.

IT IS SO ORDERED.

Dated: July 31, 2018                                                    s/ William H. Baughman, Jr.
                                                                        United States Magistrate Judge

---

[42] ECF # 15 at 12-14.